IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

STEPHEN A. CARDEN,

  Plaintiff,

v.             CASE NO. 2:07-cv-00025

MICHAEL J. ASTRUE,
Commissioner of Social Security[1],

  Defendant.

## M E M O R A N D U M   O P I N I O N

  This is an action by Plaintiff, Stephen A. Carden (hereinafter "Claimant") seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Supplemental Security Income ("SSI"), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  Both parties have consented in writing to a decision by the United States Magistrate Judge, and have briefed the issues.

Factual History

  The salient underlying facts are as follows:

    In May of 1994, Claimant received severe and permanent injuries to his spinal cord in an automobile accident. Claimant is a quadriplegic. (Tr. at 42.) A civil action ensued, and the parties involved in the accident reached a settlement. (Tr. at 259.) The Circuit Court of Nicholas County established and approved

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

> the "Andrew Carden Trust, Trust Agreement Consistent with Order of the Nicholas County Circuit Court, West Virginia" ("Trust") dated August 19, 1994.  (Tr. at 267-84.)  The Trust received a payment in the amount of $643,812.41.  (Tr. at 294.)  The principal purpose of the Trust is to "provide a system for fund handling, fiscal management, investment and disbursement for Andrew." (Tr. at 268.)  In addition, "[i]t is the secondary intention of the Court and the parties hereto to provide for a continuing conservation and enhancement of the funds provided in the settlements to supplement all other financial and service benefits to which Andrew might be eligible as a result of his disability from any local, county, state or federal agency ...."  (Tr. at 268.) The Trust provides that it is "an irrevocable trust ... and the assets directed to this Trust by the Court should not be deemed to have been or to be available to Andrew." (Tr. at 269.)
>
> The terms of the Trust provide that upon Claimant's death, any principal and interest remaining in the Trust "shall be paid to any governmental agency which may have a legal claim to said principal." (Tr. at 273, Section 4.2 A.) The Trust further provides that upon Claimant's death, "any assets remaining in the Trust estate after distribution under Section 4.2 A. above, shall be paid over, delivered and conveyed to Andrew's estate and distributed in accordance with his Last Will and Testament or, if none, then to his heirs, determined at the time of his death in accordance with the intestate succession laws of the state of his residence at his death ...."  (Tr. at 273, Section 4.2 B.) At the time of the settlement, the Circuit Court of Nicholas County also ordered that an annuity be purchased so that monthly payments would be made to the Trust for the life of Claimant.  (Tr. at 286.) SAFECO Assigned Benefits Service Company is the owner of the annuity.  (Tr. at 286, 292.) Payments are made by the annuity company to the Trust and may not be "altered, accelerated, deferred, increased, or decreased, nor may they be sold, encumbered, mortgaged, or anticipated in whole or in part by assignment or otherwise." (Tr. at 293.)

(Tr. at 339-41.)

Procedural History

Claimant protectively filed an application for SSI on June 23,

2000, alleging disability as of May 29, 1994, due to a spinal cord injury. (Tr. at 48, 204-07.)  The claim was denied initially and upon reconsideration on the grounds that Claimant had resources worth more than $2,000. (Tr. at 208-22, 224-26.) On July 20, 2001, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 227.)  The hearing was held on November 2, 2001, before the Honorable Harry C. Taylor II. (Tr. at 297-310.) By decision dated May 23, 2002, the ALJ determined that Claimant was not entitled to benefits because he possesses trust assets, including annuity payments, which constitute resources in excess of $2,000. (Tr. at 14-17.) The ALJ's decision became the final decision of the Commissioner on June 14, 2003, when the Appeals Council denied Claimant's request for review. (Tr. at 5-7.) On August 18, 2003, Claimant instituted an action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Tr. at 377.)

On August 24, 2004, the undersigned Magistrate Judge entered a Proposed Findings and Recommendation, proposing that the presiding District Judge find that the ALJ's decision was not adequately explained and, as a result, not supported by substantial evidence. (Tr. at 338-50.) The undersigned recommended that the presiding District Judge remand the matter for (1) consideration of the effect of the Trust provision which names a governmental agency as a residual beneficiary; (2) identification of evidence

3

indicating that Claimant received cash paid directly from the Trust or that Claimant received food, clothing, or shelter such that it qualified as income; and (3) explanation of the ALJ's finding that payments from the annuity are a resource. (Tr. at 347, 348-49.)  On September 20, 2004, the Honorable John T. Copenhaver, Jr., United States District Judge, adopted the proposed findings and remanded the case to the Commissioner for further proceedings. (Tr. at 334-37.)

On June 15, 2005, the ALJ held a hearing. (Tr. at 398-422.) On December 27, 2005, the ALJ issued a second decision, finding that the amounts of Claimant's resources and countable income rendered him ineligible for SSI. (Tr. at 323.)  The ALJ's decision became the final decision of the Commissioner on November 8, 2006, when the Appeals Council declined to assume jurisdiction. (Tr. at 311-13). On January 12, 2007, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Standard of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less

> than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

For the reasons set forth below, the court concludes that the decision of the Commissioner is supported by substantial evidence.

Analysis

Claimant challenges the ALJ's decision on the grounds that (1) the Trust is not Claimant's resource as it is irrevocable and meets the requirements of 42 U.S.C. § 1396p(d)(4)(A); and (2) the annuity payments are irrevocably assigned to the Trust and therefore are not Claimant's income. (Pl.'s Br. at 14-19.)

In response, the Commissioner argues that (1) 42 U.S.C. § 1396p(d)(4)(A) does not apply to the Trust because it was not established on or after January 1, 2000; (2) Claimant is both the settlor and sole beneficiary of the Trust, and thus the ALJ properly found that the Trust is revocable and constitutes a

> than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

For the reasons set forth below, the court concludes that the decision of the Commissioner is supported by substantial evidence.

Analysis

Claimant challenges the ALJ's decision on the grounds that (1) the Trust is not Claimant's resource as it is irrevocable and meets the requirements of 42 U.S.C. § 1396p(d)(4)(A); and (2) the annuity payments are irrevocably assigned to the Trust and therefore are not Claimant's income. (Pl.'s Br. at 14-19.)

In response, the Commissioner argues that (1) 42 U.S.C. § 1396p(d)(4)(A) does not apply to the Trust because it was not established on or after January 1, 2000; (2) Claimant is both the settlor and sole beneficiary of the Trust, and thus the ALJ properly found that the Trust is revocable and constitutes a

resource for purposes of SSI; and (3) given that the Trust is revocable, the ALJ properly found that the annuity payments received into the Trust are income, and if retained into the next month, a resource. (Def.'s Br. at 5-11.)

The court dispenses at the outset with Claimant's reliance on 42 U.S.C. § 1396p(d)(4)(A). Although Section 1917(d)(4)(A) of the Social Security Act, 42 U.S.C. § 1396p(d)(4)(A), does set forth an exception to the general rule of counting trusts as resources and income for SSI eligibility purposes, the exception is effective only for trusts established on or after January 1, 2000. Program Operations Manual System ("POMS") SI 01120.201 (Feb. 2001); POMS SI 01120.203 (Aug. 2002).[2] As the Commissioner correctly argues, the exception does not apply to the instant Trust because it was established on August 19, 1994. (Tr. at 267.)

In his decision following remand, the ALJ found that the Trust and annuity are not excludable resources; Claimant had countable resources of $2,000 or more and unearned income of $1,600 per month; and Claimant's countable income had exceeded the allowable amount. (Tr. at 322.) Based on these findings, the ALJ decided that the amounts of Claimant's resources and countable income precluded his eligibility for SSI. (Tr. at 323.)

Resources are defined in the regulations as "cash or other

---

[2]POMS provisions are found at https://secure.ssa.gov/apps10/poms.nsf. "The POMS guidelines represent the Commissioner's interpretation of the governing statutes and regulations, and so are entitled to some deference." Wilson v. Apfel, 81 F. Supp.2d 649, 653 (W.D. Va. 2000).

liquid assets or any real or personal property that an individual . . . owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a)(2005).  Income is defined as "anything you receive in cash or in kind that you can use to meet your needs for food and shelter." 20 C.F.R. § 416.1102 (2005).  Annuities are specifically identified in the regulations as a type of unearned income. 20 C.F.R. § 416.1121 (a)(2005).

In reaching his decision of ineligibility, the ALJ fulfilled the District Judge's direction for "an adequate explanation of the findings related to: the analysis of claimant's Trust to determine whether it is a resource; development and analysis of facts regarding claimant's receipt of payments from the Trust which may constitute unearned income, and of payments received from the annuity; and as otherwise more fully set forth in the magistrate judge's proposed findings and recommendation." (Tr. at 337.) First, the ALJ considered and determined the effect of the Trust provision which states that upon Claimant's death, "any principal and interest remaining in the Trust shall be paid to any governmental agency which may have a legal claim to said principal." (Tr. at 273, 320-21.) The ALJ relied upon provisions in the SSA's POMS and the Restatement (Third) of Trusts § 48 (2003) to find that "the State of West Virginia is a creditor, not a 'residual beneficiary.'" (Tr. at 320-21.)  The ALJ explained:

> A State is generally not considered to be a residual or contingent beneficiary, but a creditor, and the

> reimbursement is payment of a debt (POMS SI 01120.200(H)(1)(b)). Although there are exceptions to this general rule in some states (POMS SI NY01120.200; POMS SI DAL01120.200), there is no West Virginia statute or case law indicating that the State should be considered a residual beneficiary rather than a creditor.
>
> A person is a beneficiary of a trust if the settlor manifests an intention to give the person a beneficial interest (Restatement (Third) of Trusts § 48 (2003)). The Restatement of Trusts distinguishes a beneficiary of a trust, or one whom the settlor manifests an intention to give a beneficial interest, from one who merely benefits incidentally from the performance of a trust and is not a beneficiary (Restatement (Third) of Trusts § 48 (2003)).  The Comment for the Restatement states that individuals who benefit incidentally "may have other rights, for example, as creditors," and provides the following example: S leaves the S Proprietorship and other assets to T in Trust for L for Life remainder to R or R's issues, authorizing T to continue the business and to pay from the trust property any debts that T may properly incur in the operation of the business.  T subsequently incurs several debts. The creditors are not beneficiaries of the Trust.  (Id. at Comment(a), Illustration(2)).  Under Article IV, section 4.2(A) of the Trust Agreement, the State only benefits incidentally from the Trust.  Specifically, the State only benefits from the Trust if [Claimant] incurs debt by receiving Medicaid from the State. If [Claimant] never receives Medicaid from the State, the State does not have a claim against the Trust.  Moreover, while the State may have a claim for reimbursement of the amount that it has paid in medical benefits, it does not have the right to more than its payments, nor to the residue.

(Tr. at 321.)  Having determined that the State is not a beneficiary of the Trust, the ALJ concluded that Claimant was "the settlor and sole beneficiary of the Trust," and accordingly that "the Trust is revocable and should be considered a resource for purposes of determining SSI eligibility." Id.

With respect to Claimant's receipt of payments from the Trust

8

which may constitute unearned income, the ALJ developed the record through questioning at the June 2005 hearing and furnished this factual analysis in the decision:

> The claimant testified that he has never received any cash payment from the Trust. The home in which the claimant resides is an asset of the trust, purchased prior to June 2000 (Exhibit 12). The claimant reported that items such as a motor vehicle and computer that are specially equipped to accommodate his physical disability have been purchased for him by the Trust Advisory Committee. However, [Claimant's attorney] acknowledged that some undetermined amounts of money have been spent on food and clothing due to the claimant's need. Trust funds were used to purchase a mower equipped for the claimant's use, which would appear to be a household operating expense rather than a capital improvement (SI 00120.200F). Therefore, there is evidence that, even if the Trust were not a resource, there have been distributions from the Trust which would qualify as income.

(Tr. at 322.)

Finally, regarding payments received from the annuity, the ALJ developed the record at the June 2005 hearing and found that "since the Trust is revocable, the annuity payments made to the Trust should be considered income in the month they are received and, if retained into the next month, a resource. (POMS SI 01120.200 (D)(1)). The amount of the monthly annuity payment [$1,600] precludes the claimant's eligibility for ... SSI." (Tr. at 322, 414.)

The court finds that the development of the evidence and explanation of findings which occurred on the record after remand effectively filled the gaps which previously prevented a finding

9

that the decision denying benefits was supported by substantial evidence. The court further finds that the ALJ's decision adheres to the applicable regulations and case law.

After a careful consideration of the entire record, the court finds that the Commissioner's decision is supported by substantial evidence.  Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is AFFIRMED, and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Memorandum Opinion to all counsel of record.

ENTER: March 28, 2008

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge